**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED | ) | |
| TRADES INDUSTRY PENSION FUND | ) | |
| TIM D. MAITLAND, in his official capacity as a fiduciary, | ) | |
| FINISHING TRADES INSTITUTE | ) | |
| F/K/A INTERNATIONAL UNION OF PAINTERS | ) | |
| AND ALLIED TRADES JOINT APPRENTICESHIP | ) | |
| AND TRAINING FUND, | ) | |
| PAINTERS AND ALLIED TRADES LABOR | ) | |
| MANAGEMENT COOPERATION INITIATIVE, and | ) | |
| POLITICAL ACTION TOGETHER FUND | ) | |
| 7234 Parkway Drive | ) | |
| Hanover, MD 21076 | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | |
| TOUBY PAINTING CORP. | ) | |
| 100 Northeast 26th Street | ) | |
| Miami, FL 33137 | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

**JURISDICTION**

1.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331.  The claims asserted are all made

under federal statutes or federal common law, but the supplemental jurisdiction of the Court

under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2.     A copy of this Complaint is being served on the Secretary of Labor and the

Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §

1132(h).

## VENUE

3.      Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5).  Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and the International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5.      The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint.  The Pension Plan is also known as and referenced as "IUPAT Industry Pension Plan" in the Labor Agreements relating to this Complaint.

6.      The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Annuity Plan is also known as and referenced as "IUPAT Industry Annuity Plan" in the Labor Agreements relating to this Complaint.

7.      Plaintiff, Tim D. Maitland ("Maitland") is a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this

action on behalf of all Trustees of the Fund and the Funds as organizations.

8.      The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

(a)      the Pension Plan,

(b)      the Annuity Plan,

(c)      the Finishing Trades Institute f/k/a International Union of Painters and

Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

(d)      the Ancillary Funds identified below.

9.      FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer

plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of

29 U.S.C. §§ 1002(37), (1), and (3).  The FTI maintains its principal place of business and is

administered from an office in this district and is also known as and referenced as the

"Apprenticeship Fund" in the Labor Agreements relating to this complaint.

10.      The Painters and Allied Trades Labor Management Cooperation Initiative

("LMCI"), is an entity that performs certain employer association functions, but is also an

unincorporated organization established under 29 U.S.C. § 186(c)(9).

11.      The Political Action Together Fund, which includes the Political Action Together

– Legislative and Educational Committee and  Political Action Together – Political Committee

(jointly or severally, "PAT Fund"), which is an unincorporated association or fund established

pursuant to 2 U.S.C. § 431 et seq. by the International Union of Painters and Allied Trades for

the purpose of advancing the political interests of its members by lawfully influencing the

selection, nomination, election and/or appointment of individuals for political office. The PAT

Fund is also known as and referenced as "IUPAT Political Action Together" and "IUPAT-PAT-

PC Fund" and "Political Action Together-Political Committee (PAT-PC) of the International

Union of Painters and Allied Trades" in the Labor Agreements relating to this complaint.

12.     The LMCI and PAT Fund are jointly or severally referenced as "Ancillary Funds" and maintain their principal place of business and are administered from an office in this district.

13.     The Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, FTI , LMCI and the PAT Fund.

14.     The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds, LMCI and PAT Fund are hereinafter jointly or severally referenced as the "Funds." The Funds and Maitland are hereinafter jointly or severally referenced as "Plaintiffs."

15.     Defendant, Touby Painting Corp. ("Company") is Florida corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.  The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

## COMMON FACTS

16.     At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the cover page,

table of contents, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

17.     The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.  A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§ 3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

18.     Under the Labor Contracts, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

(a)     To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 1, pp. 21-22 (Art. 23, ¶¶ 1(a), (d)); Ex. 2, p.15 (Art.VI, § 2); Ex. 3, § 10.07.

(b)     To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p. 22 (Art. 23, ¶ 2); Ex. 2, pp.15-16 (Art.VI, §§ 3, 5).

(c)     To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 1, p. 22 (Art. 23, ¶ 2); Ex. 2, pp.16-17 (Art.VI, § 6).

(d)     To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of

the Company's failure to comply with its contractual and statutory obligations described in

Subparagraphs (a), (b) and (c). Ex. 1, p. 22 (Art. 23, ¶ 3); Ex. 2, pp. 16-17 (Art.VI, §§ 4, 6); Ex.

3, §§ 10.07, 10.11.

19.     Plaintiffs' auditors performed an audit of Defendant's financial and business

records for the period January 2012 through December 2014, pursuant to the terms of the Labor

Contract and above referenced Trust and plan documents. The audit revealed delinquent

contributions owed for February 2014 through December 2014 to the Funds. The audit was

completed on or about May 5, 2015.

20.     Plaintiffs' records also show that Defendant submitted remittance reports, but

failed to remit contributions for the months of May 2015 through September 2016.

21.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
**v.**
**COMPANY**

22.     The allegations of Paragraphs 1 through 21 are incorporated by reference as if

fully restated.

23.     The Company has not paid the Funds as required by the Labor Contract, and other

documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents

of the ERISA Funds.

24.     Based on information currently available to the Plaintiffs, Company has failed to

pay amounts due under the Labor Contracts, Trust Agreements and Plan from February 2014

through September 2016, in at least the sum of $128,723.90, as detailed in the attached Exhibit 4.

25.     Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

**ERISA FUNDS**
**v.**
**COMPANY**

26.     The allegations of Paragraph 1 through 21 are incorporated by reference as if fully restated.

27.     Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from February 2014 through September 2016, in at least the sum of $124,491.79 in violation of 29 U.S.C. § 1145, as detailed in the attached Exhibit 4.

28.     The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III - AUDIT

**PLAINTIFFS**
**v.**
**COMPANY**

29.     The allegations of Paragraphs 1 through 21 are incorporated by reference as if fully restated.

30.     The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

31.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

32.     Computation of the precise amount of an employer's delinquency is best achieved by an audit of the employer's books and records to compare them to contractually-required remittance reports submitted by the employer.

33.     An audit for the period January 2012 through December 2014 revealed a delinquency based on the Company's failure and/or refusal to report and remit contributions on hours worked.  The Funds believe, and therefore aver, that such conduct is likely continuing for periods on and after January 2015 through the present, and that an audit of Defendants' payroll books and related records for that period will be the only means to determine precisely the amounts of any additional delinquency.

34.     The Company is required by the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds and/or applicable law to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

35.     The Funds and their fiduciaries or officers are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers.

36.     The Funds and their fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of the breach requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in

alternative methods for the determination of work for which contributions are due.

(2)     Order the Company to pay for an audit by a Certified Public Accountant chosen by the Funds, and

(3)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT

### PLAINTIFFS
### v.
### COMPANY

37.     The allegations of Paragraphs 1 through 36 are incorporated by reference as if fully restated.

38.     Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to any amounts found due in an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

**ERISA FUNDS**
**v.**
**COMPANY**

39.    The allegations of Paragraphs 1 through 36 are incorporated by reference as if fully restated.

40.    On information and belief, the Company has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

41.    The ERISA Funds are adversely affected or damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    After an audit, enter judgment against the Company in favor of Plaintiffs, for the benefit of the Funds, for the contributions found due and owing by the audit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. § 1132(g)(2).

     (2)      Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                              Respectfully submitted,

                              JENNINGS SIGMOND, P.C.

December 27, 2016                /s/ Judith Sznyter
Date                              JUDITH SZNYTER
                              Bar No. 29743
                              Jennings Sigmond, P.C.
                              1835 Market Street, Suite 2800
                              Philadelphia, PA 19103
                              Phone: (215) 351-0641
                              Fax: (215) 922-3524

                              DANIEL J. KEENAN*
                              Jennings Sigmond, P.C.
                              1835 Market Street, Suite 2800
                              Philadelphia, Pennsylvania 19103

                              Attorneys for Plaintiffs

*Application for Pro Hac Admission of Daniel J. Keenan shall be made at the appropriate time.

# EXHIBIT 4

Company owes the Plaintiffs the sum of **$128,723.90**. This amount includes the following for each of the Funds:

| Fund[1] | Contributions[2] | Interest[3] | Liquidated Damages[4] | Audit Costs[5] | Attorneys' Fees[6] | TOTAL |
|---|---|---|---|---|---|---|
| **Pension Plan** | $89,525.88 | $2,629.75 | $17,905.18 | $1,583.76 | $4,383.00 | *$116,027.57* |
| **FTI** | $3,405.18 | $99.10 | $681.04 | $46.79 | $0.00 | *$4,232.11* |
| **LMCI** | $3,405.18 | $99.10 | $681.04 | $46.79 | $0.00 | *$4,232.11* |
| **PAT** | $3,405.18 | $99.10 | $681.04 | $46.79 | $0.00 | *$4,232.11* |
| *TOTAL* | *$99,741.42* | *$2,927.05* | *$19,948.30* | *$1,724.13* | *$4,383.00* | *$128,723.90* |

[1] The Pension Plan, FTI, LMCI, and PAT are referred to jointly as "Funds."

[2] Calculated for the period January 1, 2012 through December 31, 2014, and May 1, 2015 through September 30, 2016.

[3] Calculated through November 15, 2016.

[4] Liquidated damages are calculated at twenty percent (20%) of the contribution amount for contributions that are unpaid as of the commencement of the litigation.

[5] For the Audit for the period January 1, 2012 through December 31, 2014, completed on or about May 5, 2015.

[6] Calculated through October 31, 2016.

633083_2.docx
PTINTF-34827